UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SHAMOKIN POLICE DEPARTMENT,<br><br>    Defendant. | CIVIL ACTION NO. 4:21-CV-01992<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* Plaintiff Carol Brown ("Brown") filed a complaint on October 28, 2021, in the United States District Court for the Southern District of New York against Defendant City of Shamokin Police Department. (Doc. 2). In her complaint, Brown describes a series of events surrounding a noise complaint and seizure of a radio from Brown's home, located in Shamokin, Northumberland County, Pennsylvania. (Doc. 2, at 5). For relief, Brown seeks to recover the value of the seized radio, thirty dollars. (Doc. 2, at 6). On November 16, 2021, the Southern District of New York transferred this action to the Middle District of Pennsylvania. (Doc. 3; Doc. 4).

 Having conducted the statutorily-mandated screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Brown has failed to meet the pleading standards prescribed by law.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On October 28, 2021, Brown filed the instant action in the Southern District of New York against the City of Shamokin Police Department along with a motion for leave to

proceed *in forma pauperis*.[1] (Doc. 2; Doc. 5). In her complaint, Brown explains a series of events pertaining to a noise complaint at Brown's home. (Doc. 2, at 5). Brown claims City of Shamokin police officers came to Brown's home and seized her radio. (Doc. 2, at 5). For relief, Brown seeks to recover the value of the seized radio, thirty dollars. (Doc. 2, at 6). On November 16, 2021, this action was transferred to the Middle District of Pennsylvania because the Defendant does not reside in the Southern District of New York and a substantial part of the events or omissions giving rise to Brown's claims arose in the Middle District of Pennsylvania. (Doc. 3, at 2; Doc. 4).

II. **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the

---

[1] The Court grants Brown's motion for leave to proceed *in forma pauperis* by separate order. (Doc. 5).

complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in

the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed

that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

    A. <u>FAILURE TO STATE A CLAIM UNDER RULE 8</u>

At the onset, the City of Shamokin Police Department is not a "person" for purposes of § 1983. *See* 42 U.S.C. § 1983. It is well-settled that "[s]ection 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Shuman*, 422 F.3d at 146. To establish a claim under § 1983, Brown must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

In *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that local governments are "persons" and are subject to suit under § 1983. Following *Monell*, courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Johnson*, 834 F. Supp. at 878-79. Similarly, judges within this district court have concluded that a police department, such as the Defendant here, is merely a sub-unit of the local

government and is not, itself, amendable to suit under § 1983. *See e.g., Terrell v. City of Harrisburg Police Dept.*, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983"); *Holland v. Pocono Regional Police Dept.*, No. 3:13-CV-1406, 2013 WL 3973080, at *13 (M.D. Pa. July 31, 2013) (citing cases holding that a police department is not a "person" for purposes of § 1983 and, therefore, is not a proper defendant in a § 1983 action), *report and recommendation adopted*, 2013 WL 3973080, at *1; *Golya v. Golya*, No. 3:05-CV-0100, 2007 WL 2301085, at *9 (M.D. Pa. Aug. 9, 2007). Following this authority, the City of Shamokin Police Department is not a proper defendant in this action.

To the extent that Brown intended to name the City of Shamokin itself as a defendant, the complaint nevertheless fails to state a claim upon which relief may be granted. A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell*, 436 U.S. at 691. To state a claim against a municipality, the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Monell*, 436 U.S. at 694; *Berg v. City of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). This custom must be so "widespread as to have the force of law." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). A plaintiff must further "allege that a 'policy or custom' of [the defendant] was the 'moving force' behind the [constitutional] violation. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Brown*, 520 U.S. at 404).

Here, Brown has only claimed that the individual police officers approached her home after a neighbor filed a noise complaint and seized Brown's radio. (Doc. 2, at 5). To satisfy the "moving force" requirement, Brown must allege that the City of Shamokin Police

Department, based on a policy or custom, deliberately violated her constitutional rights. *Grayson,* 293 F.3d at 107. Brown fails to allege any facts from which it can reasonably be inferred that a policy or custom resulted in a violation of her constitutional rights.

Additionally, Brown's complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 1). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the complaint liberally due to Brown's status as a *pro se* litigant, the complaint fails to meet the pleading requirements of Rule 8. (Doc. 2). Although Brown appears to assert claims against the Defendant City of Shamokin Police Department who are employees of a state or federal government and who were acting under color of state law, Brown provides an assertion of facts with no clear connection to any legal arguments. *See* 42 U.S.C. § 1983; (Doc. 2, at 5). Brown's allegations of discrimination are conclusory and vague. (Doc. 2, at 5). Additionally, it is unclear what facts pertain to her assertions of fraud. (Doc. 2, at 5). There is no clear factual storyline nor are there any cognizable corresponding legal arguments. (Doc. 2, at 5). The complaint does not provide "concise and direct" allegations sufficient to surmise how the Defendant Shamokin Police Department's actions infringed upon Brown's rights. *See* Fed. R. Civ. P. 8(d)(1); *Scibelli,* 219 F. App'x at 222. Brown must assert a claim sufficient enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Twombly*, 550 U.S. at 555.

The factual allegations presented in the complaint lack a specific connection to an alleged wrongdoing and are not sufficient to provide the Defendant with knowledge as to the charges against them. (Doc. 2, at 5).

Overall, the City of Shamokin Police Department is not a proper defendant in this action and the complaint does not provide any meaningful opportunity for the City of Shamokin Police Department to decipher or answer Brown's allegations. *See Twombly*, 550 U.S. at 555. Because Brown alleges unclear information and does not provide clear claims, it is arduous to discern what she is asserting. (Doc. 2, at 5). Brown must adhere to Rule 8 by bringing suit against an appropriate defendant and by limiting her complaint to concise allegations of specific conduct that she believes violated her constitutional rights. *See Scibelli*, 219 F. App'x 221 at 222.

B. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Keeping in mind that a document filed *pro se* is "to be liberally construed" the Court will grant Brown leave to file an amended complaint in an effort to allow her to bring a federal cause of action. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108. Brown must "file a single, unified, *legible* complaint setting forth factual allegations and legal claims in a manner that could be reviewed by the Court and, if necessary, answered by the Defendants." *See Himchak*

*v. Dye,* No. 1:14-CV-2394, 2016 WL 1743056, at *1 (M.D. Pa. Apr. 68, 2016) (emphasis added). The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Brown is advised to follow each claim with a corresponding good-faith request for relief. The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane,* 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

IV.  **CONCLUSION**

As it stands, Brown's complaint fails to state a claim upon which relief may be granted. (Doc. 2). The Court grants Brown leave to file an amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum, on or before January 15, 2022.

An appropriate Order follows.


**Dated: December 16, 2021**            *s/ Karoline Mehalchick*
                                         **KAROLINE MEHALCHICK**
                                         **Chief United States Magistrate Judge**