## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL BROWN,<br><br>       Plaintiff,<br><br>   v.<br><br>CITY OF SHAMOKIN POLICE DEPARTMENT,<br><br>       Defendant. | CIVIL ACTION NO. 4:21-CV-01992<br><br><br>(MEHALCHICK, M.J.) |
| CAROL BROWN,<br><br>       Plaintiff,<br><br>   v.<br><br>SHAMOKIN POLICE DEPARTMENT,<br><br>       Defendant. | CIVIL ACTION NO. 4:22-CV-00207<br><br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Presently before the Court are two related cases that arose out of a series of events pertaining to *pro se* Plaintiff Carol Brown's ("Brown") interactions with Defendant Shamokin Police Department. *Brown v. City of Shamokin Police Dept.,* No. 4:21-CV-01992 (M.D. Pa. Oct. 28, 2021), ECF No. 2 ("*Brown 1*"); *Brown v. Shamokin Police Dept.*, No. 4:22-CV-00270 (M.D. Pa. Feb. 11, 2022), ECF No. 1 ("*Brown 2*"). Both the above-captioned cases are before the undersigned United States Magistrate Judge. For the following reasons, the above-captioned cases shall be consolidated into Civil Action No. 4:21-CV-01992. Additionally, having

conducted the statutorily mandated screening of Brown's complaint filed in *Brown 2* ("*Brown 2* complaint") pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that the *Brown 2* complaint fails to state a claim upon which relief may be granted. (*Brown 2* Doc. 1).

## I.    BACKGROUND AND PROCEDURAL HISTORY

The above-captioned cases arose out of a series of events pertaining to a noise complaint at Brown's home. (*Brown 1* Doc. 2, at 5; *Brown 2* Doc. 1, at 1-2). Brown alleges that Shamokin Police department failed to respond to her calls, but responded to calls made by her neighbors. (*Brown 1* Doc. 2, at 5; *Brown 2* Doc. 1, at 1-2). On October 28, 2021, Brown initiated *Brown 1* with the filing of a complaint against the City of Shamokin Police Department and request to proceed *in forma pauperis* in the United States District Court for the Southern District of New York. (*Brown 1* Doc. 1; *Brown 1* Doc. 2). On December 6, 2021, *Brown 1* was electronically transferred to the United States District Court for the Middle District of Pennsylvania. (*Brown 1* Doc. 4). On December 16, 2021, the Court granted Brown's motion for leave to proceed *in forma pauperis* and found that her complaint fails to state a claim upon which relief may be granted. (*Brown 1* Doc. 6; *Brown 1* Doc. 7, at 9). The Court ordered Brown to file an amended complaint on or before January 15, 2022. (*Brown 1* Doc. 7, at 9). After failing to timely file her amended complaint, on February 7, 2022, the Court ordered Brown to show cause as to why she failed to file an amended complaint or, alternatively, file an amended complaint by February 24, 2022. (*Brown 1* Doc. 9, at 2). On February 11, 2022, Brown initiated *Brown 2* with the filing of the *Brown 2* complaint against Shamokin Police

Department and a motion for leave to proceed *in forma pauperis*.[1] (*Brown 2* Doc. 1; *Brown 2* Doc. 2).

## II.    DISCUSSION

### A.    *SUA SPONTE* CONSOLIDATION

Federal Rule of Civil Procedure 42 provides that a court may consolidate actions arising out of a common question of law or fact. Fed. R. Civ. P. 42(a). To facilitate the administration of justice, district courts are afforded broad power to consolidate actions, whether on motion of a party or *sua sponte*. *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir.1964). In considering consolidation, "the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC.*, No. 13-2289, 2014 WL 4955259, at *10 (M.D. Pa. Sept.30, 2014).

"[A] threshold requirement for consolidation is whether there exists a common question of law or fact." *Russell v. United States*, No. 1:12-CV-0407, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) (citing *In re Consol. Parlodel Litig.,* 182 F.R.D. 441, 444 (D.N.J. 1998)). The decision to consolidate cases with common issues of fact or law is still within the discretion of the court so long as "consolidation would facilitate the administration of justice." *See Russell*, 2012 WL 2792239, at *2 (quoting *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991)); *see also Gambino v. Warden, FCI-Schuylkill*, No. 19-0249, 2019 WL 2005627, at *1 (M.D. Pa. May 7, 2019). "[T]he court must balance the saving of

---

[1] As the above captioned cases shall be consolidated into *Brown 1*, and the Court granted Brown's motion for leave to proceed *in forma pauperis* filed in *Brown 1* on December 16, 2021, the Court will strike Brown's motion for leave to proceed *in forma pauperis* filed in *Brown 2* as MOOT. (*Brown 1* Doc. 6; *Brown 2* Doc. 2).

time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Gambino*, 2019 WL 2005627, at *1; *see also Mincy v. Chimielewski,* No. 1:05-cv-0292, 2006 WL 1997457, at *2 (M.D. Pa. July 17, 2006) (citing *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983)); *Russell*, 2012 WL 2792239, at *2.

These two actions involve parallel facts and parties, are presided over by the same Judge, and are in similar procedural postures. (*Brown 1*; *Brown 2*). The cases rely upon identical theories of recovery based on "misconduct [and] discrimination" arising out of Brown's interactions with the Shamokin Police Department and their alleged disparate treatment of her compared to her neighbors. (*Brown 1* Doc. 2, at 2, 5; *Brown 2* Doc. 1, at 1-2). In addition, the ultimate disposition of both cases will likely involve the same legal principles as they allege the same causes of action. (*Brown 1* Doc. 2, at 2; *Brown 2* Doc. 1, at 1). The two actions involve the same plaintiff, who proceeds *pro se*, and the same defendant. (*Brown 1* Doc. 2, at 3-4; *Brown 2* Doc. 1, at 1). Additionally, both cases are currently assigned to Chief Magistrate Judge Mehalchick. (*Brown 1*; *Brown 2*); *see Averhart v. Comm. Workers of Am.,* 688 F. App'x, 158, 161 (3d Cir. 2017). Finally, the two cases are in similar procedural postures as a complaint has been filed in both cases but has not yet been served and both complaints fail to state a claim upon which relief may be granted. *See infra*; (*Brown 1* Doc. 2; *Brown 1* Doc. 7, at 9; *Brown 2* Doc. 1); *see Galicki v. New Jersey,* No. 14-1319(WHW)(CLW), 2014 WL 4105441, at *4 (D.N.J. Aug. 18, 2014) (consolidating two cases "given that both actions are still in their relative infancy and have nearly identical procedural postures").

Due to the multitude of similarities between the cases, the parties would not be prejudiced, inconvenienced, or forced to incur unnecessary expense if the cases were consolidated. *See Gambino*, 2019 WL 2005627, at *1. Additionally, the Court would save time

and effort in deciding the substantially similar cases as one. *See Gambino*, 2019 WL 2005627, at *1. Thus, the factors balance in favor of the consolidation of the two cases. *See Averhart*, 688 F. App'x, at 161 (determining that cases were "consolidated into one action by the District Court" when they "proceeded in the same forum and in front of the same judge; the plaintiff represented himself in both cases; and there was a great deal of overlap in the defendants and claims").

The Court is satisfied that the above-captioned actions share common questions of law and fact, and that consolidation would facilitate the efficient administration of justice. The Court concludes that judicial economy is best served by litigating these actions together. Accordingly, the Court orders that the cases be consolidated for all purposes.

B.   **28 U.S.C. § 1915(E)(2)(B)(II)** REVIEW OF THE *BROWN 2* COMPLAINT

1.   **Legal Standard**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions

which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### 2.     Failure to State a Claim Under Rule 8

At the onset, the Shamokin Police Department is not a "person" for purposes of § 1983. *See* 42 U.S.C. § 1983; (*Brown 2* Doc. 1, at 1). It is well-settled that "[s]ection 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Shuman*, 422 F.3d at 146. To establish a claim under § 1983, Brown must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

In *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that local governments are "persons" and are subject to suit under § 1983. Following *Monell*, courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *See e.g., Terrell v. City of Harrisburg Police Dept.*, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable

to suit under § 1983"); *Holland v. Pocono Regional Police Dept.*, No. 3:13-CV-1406, 2013 WL 3973080, at *13 (M.D. Pa. July 31, 2013) (citing cases holding that a police department is not a "person" for purposes of § 1983 and, therefore, is not a proper defendant in a § 1983 action), *report and recommendation adopted*, 2013 WL 3973080, at *1; *Golya v. Golya*, No. 3:05-CV-0100, 2007 WL 2301085, at *9 (M.D. Pa. Aug. 9, 2007). Following this authority, the Shamokin Police Department is not a proper defendant in this action.

To the extent that Brown intended to name the City of Shamokin itself as a defendant, the complaint nevertheless fails to state a claim upon which relief may be granted. A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell*, 436 U.S. at 691. To state a claim against a municipality, the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Monell*, 436 U.S. at 694; *Berg v. City of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). This custom must be so "widespread as to have the force of law." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). A plaintiff must further "allege that a 'policy or custom' of [the defendant] was the 'moving force' behind the [constitutional] violation. *Grayson*, 293 F.3d at 107 (citing *Brown*, 520 U.S. at 404). Here, Brown has claimed that police officers failed to address her complaints but responded to her neighbors' complaints regarding her radio and possession of a knife. (*Brown 2* Doc. 1, at 1-2). To satisfy the "moving force" requirement, Brown must allege that the City of Shamokin, based on a policy or custom, deliberately violated her constitutional rights. *Grayson*, 293 F.3d at 107. Brown fails to allege any facts from which it can reasonably be inferred that a policy or custom resulted in a violation of her constitutional rights.

Additionally, the *Brown 2* complaint fails to state a claim under Rule 8(a) of the Federal

Rules of Civil Procedure. (*Brown 2* Doc. 1). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the complaint liberally due to Brown's status as a *pro se* litigant, the *Brown 2* complaint fails to satisfy the pleading requirements of Rule 8. (*Brown 2* Doc. 1). Although Brown outlines a set of facts, it is unclear what constitutional rights she is attempting to invoke. (*Brown 2* Doc. 1, at 1-2). Additionally, the facts alleged are unclear and do not provide a factual storyline, nor are there any cognizable corresponding legal arguments. (*Brown 2* Doc. 1, at 1-2). The *Brown 2* complaint does not provide "concise and direct" allegations sufficient to surmise how Defendant Shamokin Police Department's actions infringed upon Brown's rights. *See* Fed. R. Civ. P. 8(d)(1); *Scibelli*, 219 F. App'x at 222. Brown must assert a claim sufficient enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Twombly*, 550 U.S. at 555. The factual allegations presented in the *Brown 2* complaint lack a specific connection to an alleged wrongdoing and are not sufficient to provide the Defendant with knowledge as to the charges against it. (*Brown 2* Doc. 1, at 1-2).

Overall, the Shamokin Police Department is not a proper defendant in this action and the *Brown 2* complaint does not provide any meaningful opportunity for the Defendant to decipher or answer Brown's allegations. *See Twombly*, 550 U.S. at 555. Because Brown alleges

unclear information and does not provide clear claims, it is arduous to discern what she is asserting. (*Brown 2* Doc. 1, at 1-2). Brown must adhere to Rule 8 by limiting her complaint to concise allegations of specific conduct that she believes violated her constitutional rights. *See Scibelli*, 219 F. App'x 221 at 222.

## III.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Keeping in mind that a document filed *pro se* is "to be liberally construed" the Court will grant Brown leave to file an amended complaint in an effort to allow her to bring a federal cause of action. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108. Brown must "file a single, unified, legible complaint setting forth factual allegations and legal claims [against the proper defendants] in a manner that could be reviewed by the Court and, if necessary, answered by the Defendants." *See Himchak v. Dye*, No. 1:14-CV-2394, 2016 WL 1743056, at *1 (M.D. Pa. Apr. 68, 2016). The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Brown is advised to follow each claim with a corresponding good-faith request for relief. The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

**IV.    CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

1.    The above-captioned cases are consolidated for all purposes;

2.  The Clerk of Court is directed to consolidate the case docketed as Civil Action No. 4:22-CV-00207 into the case docketed as Civil Action No. 4:21-CV-01992;

3.  The Clerk of Court is directed to **CLOSE** the case docketed as Civil Action No. 4:22-CV-00270;

4.  All future documents filed in this consolidated case shall be filed as Civil Action No. 4:21-CV-01992;

5.  The Court grants Brown leave to file an amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum, on or before **Monday, August 1, 2022**; and

6.  Brown's motion for leave to proceed *in forma pauperis* is **STRUCK** as **MOOT**. (*Brown 2* Doc. 2).

An appropriate Order follows.

Dated: July 5, 2022                                           BY THE COURT:

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**